IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| DEMOND D LILES, | ) | CASE NO.  3:17-CV-02232 |
| | ) | |
| | ) | JUDGE JAMES GWIN |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN TOM SCHWEITZER, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent, | ) | |

**Introduction**

Before me by referral[1] is the petition of Demond D. Liles for a writ of habeas corpus

under 28 U.S.C. § 2254.[2] Liles is currently incarcerated by the State of Ohio at the Madison

Correctional Institution[3] where he is serving a consecutive sentence of twenty-five years

(twenty-four of them mandatory) imposed by the Allen County Court of Common Pleas in

2014 upon Liles's guilty plea to four counts of trafficking in cocaine with specifications.[4]

Now Liles has moved to stay proceedings in this federal habeas action, asserting that new

information favorable to Liles has been uncovered and is being presented to the Ohio courts

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge
James S. Gwin in a non-document order entered on October 24, 2017.
[2] ECF No. 1.
[3] drc.ohio.gov/offender search.
[4] ECF No. 15 at 2-3.

as part of a motion to vacate his conviction and sentence.[5] The State has not responded to the motion to stay.

For the following reasons, I recommend that the motion to stay be granted as detailed below.

## Facts

The facts relevant to adjudicating the motion are not complex. Liles pled guilty to drug trafficking in 2014. Although he was unsuccessful on direct appeal in 2015,[6] in 2016 he filed a petition for post-conviction relief in the trial court that alleged, *inter alia*, improper conduct on the part of the Allen County Sheriff, Samuel Crish. Specifically, Liles maintained that at the time of the investigation that implicated Liles, Sheriff Crish owed Liles $20,000 from a loan and that to avoid repayment Crish had entrapped Liles in a drug crime.[7] Nonetheless, the Ohio trial court rejected Liles's arguments without a hearing, finding that Liles was not credible.[8]

But later in 2016 news reports surfaced that Sheriff Crish was the subject of a federal corruption investigation.[9] Those reports prompted Liles, through his former appellate (and former habeas) attorney Kenneth Rexford, to unsuccessfully move for additional discovery related to the revelations concerning Sheriff Crish.[10] Further, and somewhat incredibly, in

---

[5] *Id.*
[6] *Id.* at 2.
[7] *Id.* at 4.
[8] *Id.*
[9] *Id.*
[10] *Id.*

November 2016 Liles's trial attorney, who had been involved in the plea arrangement, was himself convicted on a felony, a crime for which he was under investigation while representing Liles.[11]

In June 2018, or approximately eight months after Liles had filed the present federal habeas petition[12] and after a 21-month investigation by the FBI,[13] Sheriff Crish was indicted on charges including extortion, soliciting bribes, and making false statements to law enforcement.[14] Liles was identified as one of Crish's victims.[15] Crish pled guilty to five of the six counts of the indictment and on September 27, 2019 was sentenced to an eleven-year prison sentence.[16]

In May 2020, Liles retained new habeas counsel.[17] Shortly thereafter that new counsel received material from the FBI concerning Sheriff Crish's interaction with Liles that counsel now represents as new, material and favorable to Liles.[18] In addition to

---

[11] *Id*. 152 Ohio St. 3d 126 (2017). Essentially attorney Bucio, in a fee agreement for representing a woman arrested for growing marijuana on her farm, agreed to take the client's farm as payment, with the verbal representation that he would realize payment of his legal fee by selling the farm and deducting his fee and then convey the balance to her. In fact, he sold the farm for $135,000 which, after deducting a mortgage, left a profit of$127,767.02. The attorney then improperly told the client that their fee arrangement was that he would keep the entirety of the sale proceeds. After a criminal investigation, attorney Bucio was found guilty of unauthorized use of property and paid the client full restitution. The Ohio Supreme Court then indefinitely suspended his law license.

[12] ECF No. 1. Filed October 20, 2017.

[13] ECF No. 15 at 5.

[14] *Id*.

[15] *Id*.

[16] *United States v. Samuel Crish*, 3:18-cv-00304.

[17] ECF No. 14.

[18] ECF No. 15 at 7-8.

substantiating that Liles was a victim of Sheriff Crish and so contradicts the previous finding by the Allen County trial court that Liles was not credible, counsel here also states that the new evidence shows that the State was aware of Sheriff Crish's misconduct during the duration of the case against Liles.[19]

In sum the purpose of the motion to stay is to present this evidence to the Allen County Court of Common Pleas in a motion to vacate Liles conviction and sentence.[20] Obviously, should this motion to vacate be successful, it would render moot any further action in this Court.

## Analysis

The Supreme Court decision in *Rhines v. Weber*[21] is the touchstone for federal habeas courts considering a motion to stay. As *Rhines* notes at the outset, even after the passage of the AEDPA, federal habeas courts retained their inherent powers to stay proceedings where such a stay would be a proper exercise of discretion.[22] In the context of AEDPA, and in particular as it relates to the dual principles that habeas petitioners exhaust their claims in state court before coming to federal court and of finality, *Rhines* teaches that a stay is only proper when the federal habeas court determines that good cause exists for why a petitioner's claims were not previously exhausted in state court and that the

---

[19] *Id*. at 8.
[20] *Id*.
[21] 554 U.S. 269 (2005).
[22] *Id*. at 276.

unexhausted claim potentially has merit.[23] Moreover, even if those conditions are met, the

stay must not be open-ended and care must be taken to ensure that in granting the stay, the

petitioner does not engage in abusive litigation tactics.[24] Finally, and for the reasons stated,

*Rhines* cautions that stays must be used only in limited circumstances.[25]

That said, however, *Rhines* also is clear that "it would likely be an abuse of

discretion for a district court to deny a stay …if the petitioner had good cause for his failure

to exhaust, his unexhausted claims are potentially meritorious and there is no clear

indication that the petitioner engaged in intentionally dilatory litigation tactics."[26]

Here, the record as related by Liles's counsel, and not contradicted by any

opposition from the State, supports a stay.

First, although Liles is not claiming any failure to exhaust existing habeas claims,

the record shows that has been diligently pursuing the claim that the drug case against him

was tainted by Sheriff Crish's misconduct since 2016, but that claim was rejected several

times by the state courts on the ground that Liles was not credible. As Liles notes, at that

time he did not have the evidence from the FBI now available to his present counsel with

which to support his credibility. Further, although Liles's trial attorney was being

criminally investigated at the time he was representing Liles in the plea arrangement, that

---

[23] *Id.*
[24] *Id*. at 277.
[25] *Id*.
[26] *Id*. at 278.

fact, according to Liles's present attorney, was then both unknown to Liles and invisible on the record.[27]

Second, the claim that some form of entrapment was engineered by Sheriff Crish to avoid repaying a debt to Liles is potentially meritorious. As noted above, the FBI records apparently show Liles was one of Crish's victims and further show that the State was aware of Crish's misconduct during the time Crish was formulating the case against Liles.

Finally, there is no indication that this stay is a dilatory litigation tactic by Lile. To that end, Liles seeks the stay for the proper purpose of affording the Ohio trial court the first opportunity to evaluate and apply the new evidence of Sheriff Crish's corruption and/or the State's complicity in it. Further, the State has not responded in opposition the request for a stay.

**Conclusion**

For the foregoing reasons, I recommend staying further action on the habeas petition of Demond D. Liles until Ohio courts have heard and decided his motion to vacate his conviction, as well as any direct appeals from that decision. Further, I recommend that Liles be ordered to immediately file with this court such motion made to the Ohio court and that the State be ordered to file updates on the proceedings associated with that motion until final resolution as outline above.

---

[27] ECF No. 15 at 8.

IT IS SO RECOMMENDED.


Dated: February 16, 2021                              s/William H. Baughman Jr.
                                                     United States Magistrate Judge

## <u>Objections</u>

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[28]

---

[28] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).