# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DEMOND D. LILES, | ) | CASE NO. 3:17-CV-02232-JG |
| Petitioner, | ) | |
| | ) | JUDGE JAMES GWIN |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| WARDEN TOM SCHWEITZER, | ) | |
| Respondent, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

## I.      INTRODUCTION

Petitioner Demond D. Liles ("Mr. Liles") seeks a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Liles, an Ohio prisoner, is currently serving a 25-year prison term at the Madison Correctional Institution for drug trafficking. He filed his petition on October 20, 2017, asserting four grounds for relief. (ECF Doc. 1). Respondent Warden Tom Schweitzer ("Respondent") filed a return of writ on January 11, 2018 (ECF Doc. 9), and Mr. Liles filed a traverse on January 17, 2018 (ECF Doc. 10).

On September 29, 2020, Mr. Liles moved to stay and hold his federal habeas proceedings in abeyance until his claims were fully exhausted in the Ohio state courts. (ECF Doc. 15). The factual bases underlying Mr. Liles' motion to stay were: (1) the State's alleged awareness of misconduct by former Allen County Sherriff Samuel Crish ("Sheriff Crish") during the duration of Mr. Liles' case; (2) Sheriff Crish's March 2019 conviction on federal extortion and bribery charges; (3) Mr. Liles was specifically named as a victim of Sheriff Crish in the federal indictment

1

against Sheriff Crish; and (4) Mr. Liles' trial counsel was under felony investigation at the time of Mr. Liles' case and was later convicted of a felony. (*Id.* at PageID # 966-67.)

On March 11, 2021, U.S. District Judge James S. Gwin denied Mr. Liles' requested stay and dismissed this matter without prejudice to Mr. Liles' right to refile after state court exhaustion. (ECF Doc. 17). On August 16, 2021, Mr. Liles filed a motion to reopen his case and a motion to stay his federal habeas proceedings pending state court exhaustion (ECF Doc. 18), which Judge Gwin granted via a marginal entry order on August 17, 2021. (ECF Doc. 19.)

On February 20, 2023, Mr. Liles filed the following motions: (1) a motion to formally expand the record and to lift the stay on his case (ECF Doc. 21); and (2) a motion for leave to file an amended § 2254 habeas petition (ECF Doc. 22). This matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on Mr. Liles' petition and other case-dispositive motions.

This Report and Recommendation, however, will only address Mr. Liles' requests to formally expand the record, lift the stay, and amend his petition. For the following reasons, I RECOMMEND that the Court GRANT Mr. Liles' Motion to Expand the Record and to Reactivate Case and Lift the Stay (ECF Doc. 21). I further RECOMMEND that the Court GRANT IN PART and DENY IN PART Mr. Liles Motion for Leave to File Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (ECF Doc. 22).

## II.    MOTION TO AMEND PETITION

Mr. Liles' proposed amended petition asserts the following grounds for relief:

**GROUND ONE:** The State of Ohio unjustly denied relief from the established prosecution breach of the plea agreement with an unreasonable application of law in unreasonably finding that no objection to the breach was offered.

**GROUND TWO:** The State of Ohio denied relief for a material breach of the plea agreement by unjustly finding the breach to be immaterial, thereby unreasonably applying Supreme Court precedent.

**GROUND THREE:** As this case involves clear prejudice from the breach, Liles was denied the effective assistance of counsel, and the remedy should have been reversal and remand for consideration for the proper Santobello remedy. This was denied because the State of Ohio unreasonably applied Supreme Court precedent as to effective assistance. Petitioner was deprived of his Sixth and Fourteenth Amendment right to effective assistance of counsel.

**GROUND FOUR:** Mr. Liles was denied due process of law because the State of Ohio unjustly refused to allow an evidentiary hearing on his petition for post-conviction relief, which would have shown the State failed to provide exculpatory evidence to the Petitioner.

**GROUND FIVE:** The State failed to provide exculpatory evidence to the Petitioner in violation of the Due Process Clause of the Fourteenth Amendment.

(ECF Doc. 23-1, PageID#1020-23).Mr. Liles' Ground One and Ground Two claims are virtually the same grounds raised in his original habeas petition.  Thus, this Report and Recommendation will only address Grounds Three, Four, and Five because Mr. Liles either seeks to amend his original argument or raise new grounds for relief with respect to these claims. For the reasons set forth below, I RECOMMEND that the Court GRANT IN PART and DENY IN PART Mr. Liles' motion to amend his habeas petition.

    **A.** *Standard*

Fed. R. Civ. P. 15(A) governs motions to amend petitions for habeas corpus. *See* 28 U.S.C. § 2242. Under Rule 15(A) a party may amend his pleading once as a matter of right within 21 days after serving it; or with the opposing party's written consent or the court's leave. Rule 15(A)(2) provides that leave should be freely given when justice so requires. A court must consider the following factors in determining whether to permit an amendment: (1) the reasons for delay in filing; (2) whether there was a lack of notice to the opposing party; (3) whether there was bad faith in the moving party' repeated failure to cure deficiencies by previous amendments; (4) whether

there would be undue prejudice to the opposing party; and (5) whether amendment would be futile to correct problems in the original pleading. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998).

### B.  *Analysis*

#### 1.  *Grounds Three and Five*

I address together whether amendment should be permitted as to Mr. Liles' Grounds Three and Five claims because they involve similar evidence and were not reviewed by the Third District Court of Appeals for similar reasons. (*See generally* ECF Doc. 23-1, PageID#1021-23). Mr. Liles' Ground Three claim contends that he received ineffective assistance of trial counsel during his plea-bargaining process. (*Id.* at PageID#1021). Mr. Liles seeks to add an additional sub-claim with respect to his ineffective assistance of counsel argument, *i.e.* that trial counsel failed to investigate and prepare the case for trial. (*Id.*).  Mr. Liles argues that, had trial counsel conducted such an investigation, trial counsel would have uncovered the following favorable evidence: (1) that Sheriff Crish had a $20,000 outstanding loan; (2) that Sheriff Crish wanted to know whether any officer had "bought into" Mr. Liles before; (3) the method the confidential informant was procured; and (4) Sheriff Crish's "suspicious actions" during Mr. Liles' investigation. (*Id.*). Mr. Liles contends that these errors alone, and considered cumulatively, prejudiced him.[1] (*Id.* at PageID#1022).

Mr. Liles' proposed Ground Five claim is that the State failed to provide exculpatory evidence to Mr. Liles. (*Id.* at PageID#1023). He asserts that an FBI investigation uncovered misconduct and irregular actions by Sheriff Crish that would have been favorable to Mr. Liles

---

[1] Although not argued by Respondent, to the extent that Mr. Liles raises a cumulative error argument through his ineffective assistance of counsel ground for relief, it is arguable that such an amendment is futile. Cumulative error claims in §2254 petitions are not cognizable on federal habeas corpus review. *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006) ("[T]he law of this Circuit is that cumulative error claims are not cognizable on habeas because the Supreme Court has not spoken on this issue.").

because it would have: (1) aided in impeaching the Task Force officers' testimony; and (2) aided in discrediting the State's investigation of Mr. Liles. (*Id.)*. Further, he contends there is new exculpatory evidence regarding the Task Force's failure to secure a controlled buy of illegal narcotics from Mr. Liles a few years prior to Mr. Liles' state case. (*Id.*). Mr. Liles asserts that he would not have entered a plea if he had been aware of this information. He argues that the net effect of all this suppressed evidence "would undermine the confidence in the outcome of the trial." (*Id.*).

Respondent argues that the Third District Court of Appeals reasonably determined that Mr. Liles' successive post-conviction relief petition was untimely. (ECF Doc. 25, PageID#1027-28). As a result, Respondent contends that Mr. Liles procedurally defaulted the claims and relief grounds addressed in his post-conviction relief proceedings, and he failed to excuse this default by establishing cause and actual prejudice, a fundamental miscarriage of justice, or actual innocence. (*Id.* at PageID#1028).

Mr. Liles' proposed amendments on their face do not appear to be clearly frivolous or legally insufficient. (*See generally* ECF Doc. 23-1). Nor has Respondent provided adequate detail in support of his procedural default defense. (*See generally* ECF Doc. 25, PageID#1027-28). Respondent, however, can address these procedural default arguments in his answer to the amended petition. This will provide Mr. Liles an opportunity to fully respond to the issue and afford the Court an opportunity to adequately consider all the issues in light of the entire record. *See McNeill v. Bagley*, No. 1:02 CV 1645, 2018 WL 3348876, at *8 (N.D. Ohio July 9, 2018) (Polster, J.).

Additionally, Respondent failed to address two of the Rule 15 factors used to determine whether to grant leave to amend: notice and substantial prejudice to the opposing party. *Coe*, 161

F.3d at 341. Here, Respondent will suffer no prejudice if Mr. Liles amends his petition because Respondent has been aware of Mr. Liles' *Brady* and ineffective assistance of counsel claims since August 2017. Indeed, Respondent even opposed Mr. Liles' first motion for stay to exhaust his claims revolving around Sheriff Crish's alleged misconduct. (ECF Doc. 12). And Respondent did not file a brief in opposition to Mr. Liles' second request for a stay. (*See* ECF Doc. 16, PageID#974). Accordingly, I recommend that the Court GRANT Mr. Liles' request for leave to amend to include his proposed *Brady* and ineffective assistance of counsel claims.

### 2.  *Ground Four*

It would be futile to allow Mr. Liles to proceed with his proposed Ground Four claim because it is non-cognizable. In his Ground Four claim, Mr. Liles argues that he was denied due process of law because the State of Ohio denied his request for an evidentiary hearing on his post-conviction relief petition. (ECF Doc. 23-1, PageID#1022). Yet, as Respondent argues, the question of whether a petitioner was entitled to an evidentiary hearing in state post-conviction relief proceedings is a state law issue. (ECF Doc. 25, PageID#1028). Significantly, Mr. Liles' proposed fourth ground for relief attacks the state court's handling of his post-conviction relief—a collateral matter—rather than the underlying state conviction.

In fact, "[i]t is clear, not only from the language of … § 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). States have no federal constitutional obligation to provide post-conviction remedies. *See, e.g.*, *Pennsylvania v. Finley*, 481 U.S. 5515, 557 (1987).[2] Thus, the Sixth Circuit has held that "habeas corpus cannot be used

---

[2] Significantly, "courts [in Ohio] are not required to hold a hearing in all post-conviction cases." *State ex re. Sherrills v. Cuyahoga County Ct. Com. Pl.*, 72 Ohio St.3d 461, 650 N.E.2d 899, 900 (Ohio 1995).

to challenge errors or deficiencies in state post-conviction proceedings." *Davis v. Burt*, 100 F. App'x 340. 351 (6th Cir. 2004); *see also Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (stating that "the writ is not the proper means" to challenge "collateral matters," which differ from "the underlying state conviction giving rise to the prisoner's incarceration").

The Sixth Circuit reaffirmed this holding in *Leonard v. Warden, Ohio State Penitentiary*:

> [H]abeas corpus [petitions] cannot be used to mount challenges to a state's scheme of post-conviction relief…[The petitioner] has not pointed to any decision by an *en banc* court or any Supreme Court decision to undermine the logic of *Kirby* that attacks on post-conviction proceedings 'address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration.'

864 F.3d 832, 854-55 (6th Cir. 2017).

Accordingly, Mr. Liles' Ground Four claim, which asserts that the state court improperly denied his request for an evidentiary hearing on his post-conviction petition, is not cognizable. *See, e.g.*, *Cornwell v. Bradshaw*, 559 F.3d 398, 411 (6th Cir. 2009) (petitioner's claim that the state court improperly denied him an evidentiary hearing not cognizable in habeas proceedings). As a result, amendment would be futile because his Ground Four claim would be dismissed on this basis. *Miller v. Phillips*, No. 1:20cv2135, 2021 WL 2946158, at *6-7 (N.D. Ohio July 14, 2021) (Barker, J.).  Accordingly, I recommend that the Court deny Mr. Liles' motion to amend Ground Four of his petition.

## III.    MOTION TO EXPAND THE RECORD

### A.  *Standard*

Rule 7 of the Rules Governing Section 2254 Cases provides that "the Court may direct the parties to expand the record by submitting additional materials relating to the petition." Rules Governing § 2254 Cases, 28 U.S.C. § 2254 (2010). "The decision of whether to expand the record, however, is within the sound discretion of the district court." *West v. Bell*, 550 F.3d 542, 551 (6th

Cir. 2008). Because "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court," a federal habeas court may only review evidence in the record at the time of the state court proceedings. *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011); *Black v. Bell*, 664 F.3d 81, 91 (6th Cir. 2011).

In *McNeill v. Bagley*, this Court explained:

> Motions to expand the record under Rule 7 must meet the standards of AEDPA's § 2254(e)(2), although that provision is expressly directed only at evidentiary hearings. *Holland v. Jackson*, 542 U.S. 649, 653 (2004) (per curiam) ("Those same restrictions [of § 2254(e)(2)] apply a fortiori when a prisoner seeks relief based on new evidence *without* an evidentiary hearing." (emphasis original)). Section 2254(e)(2) precludes an evidentiary hearing "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings" unless the applicant satisfies certain conditions. 28 U.S.C. § 2254(e)(2).

> Under AEDPA, therefore, a prisoner may introduce new evidence in support of a claim in the district court "only if [the prisoner] was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed in § 2254(e)(2) were met." *Holland*, 542 U.S. at 652–53. A prisoner is at fault in failing to develop the evidence if there is a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). The required diligence is "a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id*. at 435. "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." Id. at 437. "[C]omity is not served by saying a prisoner 'has failed to develop the factual basis of a claim' where he was unable to develop his claim in state court despite diligent effort. In that circumstance, an evidentiary hearing is not barred by § 2254(e)(2)." *Id*.

No. 1:02CV1645, 2018 WL 3348876, at *8-9 (N.D. Ohio July 9, 2018) (footnote omitted).

Expanding the record for limited purposes, however, falls within the discretion of the district court. *See, e.g.*, *Gordon v. Turner*, No. 5:13cv251, 2015 WL 3969689, at *5 (N.D. Ohio June 30, 2015); *Conway v. Houk*, No. 2:07-cv-947, 2011 WL 249491, at *2 (S.D. Ohio Jan. 26, 2011) (limiting inquiry, in resolving a motion to expand the record, to "whether the materials that

Petitioner seeks to add to the record would assist the Court in determining whether an evidentiary hearing might be warranted"); *Keenan v. Bagley*, No. 1:01CV2139, 2008 WL 4372688, at *2 (N.D. Ohio Sep. 22, 2008) (granting motion to expand the record for limited purpose of determining whether the petitioner had exercised diligence in developing the factual record in state court, but "reserv[ing] the right to exclude this evidence from consideration when it reaches the merits of [the petitioner's] claims").

## B.  *Analysis*

In his Motion to Expand the Record, Mr. Liles requests that the Court  allow him to expand the record with the following exhibits that were attached to his post-conviction petition: (1) the affidavit of Attorney Dustin Blake with attachments; (2) the affidavit of Attorney Kenneth Rexford; (3) the Affidavit of Demond Liles with an attachment; (4) the indictment filed in the federal criminal prosecution of Sheriff Crish; and (5) the judgment entry of conviction and sentence in the federal prosecution of Sheriff Samuel Crish. (ECF Doc. 21, PageID#993-94). Because Mr. Liles has now fully exhausted his claims that are contained in his federal habeas petition, he requests that the Court allow him to formally expand the record. (*Id.* at PageID#995).

Respondent asserts that it does not oppose adding recent state court records that were filed in this case. (ECF Doc. 24, PageID#1024 (citing ECF Doc. 9-2, PageID#63-813)). However, without addressing § 2254(e)(2), Respondent opposes any expansion beyond the recent state court records, asserting, "*Cullen v. Pinholster*, 563 U.S. 170, 180-181 (2011), prohibits the Court from expanding the state court record with any records that were not presented to the state courts when they adjudicated Liles' claims, and the Court should not 'expand' the record in that context." (*Id.*).[3]

---

[3] Although unclear from Respondent's brief, this Report and Recommendation construes Respondent to be opposing the expansion of the record to include the exhibits attached to Mr. Liles' post-conviction petition. (*See generally* ECF Doc. 24).

Here, Respondent fails to demonstrate – much less argue – that Mr. Liles was not diligent in developing this evidence in state court. (*See generally* ECF Doc. 24). Indeed, a review of the procedural history in the instant case suggests that Mr. Liles **_was_** diligent in his efforts to present the proposed exhibits to state courts in support of his ineffective assistance of counsel and *Brady* claims. Specifically, Mr. Liles filed a motion to stay and abate the proceedings to properly exhaust state court claims on September 29, 2020. (ECF Doc. 15). On March 11, 2021, Judge Gwin dismissed the matter without prejudice, noting Mr. Liles' right to refile after state court exhaustion and the case will be reopened. (ECF Doc. 17). On August 16, 2021, Mr. Liles filed a motion to reopen and stay, which the Court granted via marginal entry order on August 17, 2021. (ECF Docs. 18, 19). To exhaust his *Brady* and ineffective assistance of counsel claims, Mr. Liles filed a successive petition for post-conviction relief in the Allen County Court of Common Pleas on July 6, 2021, seeking an evidentiary hearing on the currently disputed records. But the trial court denied his motion on timeliness grounds and declined to hold an evidentiary hearing. Mr. Liles then appealed the trial court's decision, which the Third District Court of Appeals affirmed on May 23, 2022. Finally, Mr. Liles filed a notice of appeal and memorandum in support of jurisdiction with the Ohio Supreme Court. On September 27, 2022, the Supreme Court of Ohio declined to accept jurisdiction of Mr. Liles' appeal.

This procedural history demonstrates that Mr. Liles exercised the requisite diligence in attempting to develop the factual basis of his *Brady* and ineffective assistance of counsel claims, and he may introduce these records without satisfying § 2254(e)(2)'s conditions. *See Getsy v. Mitchell*, 495 F. 3d 295, 310 (6th Cir. 2007) ("Getsy sought to develop evidence regarding his judicial-bias claim both at trial and in his postconviction proceedings in state court. He has thus demonstrated diligence in accordance with § 2254(e)(2)."); *Greer v. Mitchell*, 264 F.3d 663, 681

(6th Cir. 2001) ("In the case before us, petitioner pursued his ineffective assistance of appellate counsel claim with proper diligence, raising it first—albeit prematurely—in his petition for post-conviction relief and then in his motion for delayed reconsideration. Both of these pleadings requested an evidentiary hearing, which was never afforded by the Ohio Courts. Consistent with *Williams v. Taylor*, therefore, we conclude that petitioner is not precluded from an evidentiary hearing as he exercised the necessary diligence in attempting to establish the factual record in state court."); *Hoffner v. Bradshaw*, No. 3:05 CV 687, 2007 WL 3171631, at *3 (N.D. Ohio Oct. 29, 2007) (Gwin, J.) ("Petitioners who request an evidentiary hearing in the appropriate state court proceedings are sufficiently diligent, even when the state court fails to grant the request.") (citing *Greer*, 264 F.3d at 681)).[4]

Accordingly, I RECOMMEND that the Court GRANT Mr. Liles' motion to expand the record.

## IV.     MOTION TO REACTIVATE THE CASE AND LIFT THE STAY

Mr. Liles also requests that the Court issue an order reactivating the case and lifting the stay because he has fully exhausted the claims contained in his federal habeas petition. (ECF Doc. 21, PageID#995). Respondent does not oppose lifting the stay in the case. (ECF Doc. 24, PageID#995). Accordingly, I RECOMMEND that the Court GRANT Mr. Liles' request to lift the stay.

## V.     RECOMMENDATION

For the foregoing reasons, I RECOMMEND that the Court GRANT Mr. Liles' Motion to Expand the Record and to Reactivate Case and Lift the Stay (ECF Doc. 21). I further

---

[4] *Cf. Brentlinger v. Marquis*, No. 3:CV-02452-DAP, 2020 WL 4031151, at *20 (N.D. Ohio May 6, 2020), *report and recommendation adopted,* 2020 WL 4016103 (finding that habeas petitioner did not demonstrate diligence in pursuing the factual basis of his because he failed to file any motions or petitions relating to allegedly newly discovered evidence).

RECOMMEND that the Court GRANT IN PART and DENY IN PART Mr. Liles Motion for Leave to File Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (ECF Doc. 22).

s/Jennifer Dowdell Armstrong
Jennifer Dowdell Armstrong
United States Magistrate Judge

Dated: April 26, 2023

## VI.    NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the

report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).

13